## Counts, David K.

| | |
|---|---|
| From: | Counts, David K. |
| Sent: | Wednesday, August 03, 2005 1:31 PM |
| To: | 'Jtfjr48@aol.com' |
| Subject: | Judicial Review Request |

Dear Mr. Farmer:

We are in receipt of your email which you sent to the Columbus Field Division on Thursday, July 28, 2005, with subject listed: Jim's Gun & Whatever Judicial Review Request. In your request you stated that you acknowledged receipt of the license revocation notice dated 6/23/05, which was received by you on 6/24/05. You also stated that you wish to dispute the revocation and petition for judicial review. Additionally you stated "... please enter my request for such petition ..."

This email is sent to inform you that a request to file a petition for judicial review under 18 U.S.C. 923(f)(3) is NOT filed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Your request for *de novo* judicial review is legally insufficient. Please refer to the Final Notice of Revocation signed by the Director of Industry Operations on June 16, 2005 and received by you on June 24, 2005. A reference to the applicable statute is enclosed for your convenience.

**18 USC - CRIMES AND CRIMINAL PROCEDURE**
**§ 923. Licensing**
(f)(2) If the Attorney General denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation. In the case of a revocation of a license, the Attorney General shall upon the request of the holder of the license stay the effective date of the revocation. A hearing held under this paragraph shall be held at a location convenient to the aggrieved party.
(3) If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph <u>file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation</u>. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

We trust that this email is responsive to your request.

Respectfully,


*David Counts*
Industry Operations Investigator
Columbus Field Division
Cincinnati II Field Office
(513)684-3351



Government Exhibit G